# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **NATHANIEL JONES,** | ) |
| | ) |
| **Movant,** | ) |
| | ) |
| v. | ) Case No.: 2:16-cv-08039-VEH |
| | ) |
| **UNITED STATES OR AMERICA,** | ) |
| | ) |
| **Respondent.** | ) |
| | ) |

## MEMORANDUM OPINION

On May 12, 2016, the movant, Nathaniel Jones (hereinafter "Jones"), filed what purported to be a "60(b) Motion" (hereinafter the "Motion") (Doc. 1; Doc. 65 in 2:02-cr-00405-VEH-SGC).[1] Although, in that Motion, Jones argues that it is not a "successive 2255 motion in 60(b)'s clothing" (*id*. at 2), that is exactly what it is. On May 13, 2016, the undersigned explained that the Motion is properly brought pursuant to 28 U.S.C. § 2255 and directed the Clerk to open a civil action and filed the Motion in it. (Order, Doc. 67 in 2:02-cr-00405-VEH-SGC).[2] The Clerk did so (Doc. 66 in 2:02-cr-00405-VEH-SGC), and now the undersigned turns to the

---

[1] The related criminal case. That case was reassigned to the undersigned that same day. (Docket entry dated 5/12/2016 in 2:02-cr-00405-VEH-SGC)).

[2] Copy attached hereto.

Motion as it is properly considered; a successive 2255 motion.

# I

It is well-settled law that second or successive petitions (SSP) under section 2255 must be dismissed unless certified by

> a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) (Pryor, J., concurring in denial of rehearing en banc). "Whether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Florida Dep't of Corr.*, 812 F.3d 885, 898 (11th Cir. 2016) (Pryor, J., dissenting) (quoting *Insignaries v. Sec'y, Fla. Dept. of Corrections*, 812 F.3d 885, 898 (11th Cir. 2014)).

The Motion is a SSP because it challenges the same judgment as Jones's prior motion under 2255.[3] Accordingly, he cannot proceed in this court unless he first receives permission to do so from the United States Court of Appeals. Finding

---

[3] *See* Order, Doc. 67 in 2:02-cr-00405-VEH-SGC.

no such permission, the motion is due to be **DENIED** for want of jurisdiction.[4]

## II

A prisoner seeking to vacate his judgment has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal *habeas* petition on procedural grounds without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

---

[4] In light of this denial, Chandler's motion for the appointment of counsel, doc. 2, which was frivolous anyway, is termed as **MOOT**.

district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive section 2255 motion, Jones cannot make the requisite showing. Finally, because Jones is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

    **DONE** this 16th day of May, 2016.

                                                   **VIRGINIA EMERSON HOPKINS**
                                                   United States District Judge